UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DREMEL LANDERS, #530287,

          Petitioner,

                                            CASE NO. 10-CV-12147
v.                                        HONORABLE GEORGE CARAM STEEH

LLOYD RAPELJE,

          Respondent.

_____/


**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS,
DENYING MOTION FOR ABEYANCE, AND DENYING A CERTIFICATE OF
APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.**    **Introduction**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner Dremel

Landers ("Petitioner") pleaded guilty to first-degree criminal sexual conduct, armed robbery,

carjacking, kidnapping, receiving and concealing stolen property, carrying a concealed weapon,

felon in possession of a firearm, and possession of a firearm during the commission of a felony in

the Wayne County Circuit Court in 2008.  He was sentenced to concurrent terms of 28 to 50 years

imprisonment on the criminal sexual conduct, armed robbery, carjacking, and kidnapping

convictions, concurrent terms of three to five years imprisonment on the receiving stolen property,

carrying a concealed weapon, and felon in possession convictions, and a consecutive term of two

years imprisonment on the felony firearm conviction.

      In his petition, Petitioner raises claims concerning the voluntariness of his plea, double

jeopardy as to the felon in possession and felony firearm convictions, actual innocence as to the

criminal sexual conduct conviction, and ineffective assistance of trial counsel.  Respondent has filed

an answer to the petition asserting that the involuntary plea claim lacks merit and indicating that the other claims were not exhausted in the state courts.  Petitioner has filed a reply to that answer, as well as a motion to hold this matter in abeyance so that he may return to the state courts to fully exhaust his issues.  For the reasons stated, the Court dismisses without prejudice the petition for a writ of habeas corpus and denies the motion for abeyance.  The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II.    Procedural History

Following his convictions and sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that his plea was involuntary because the prosecutor and his father pressured him into pleading guilty and he attempted to withdraw his plea before sentencing.  The Michigan Court of Appeals denied the application for lack of merit in the grounds presented.  *People v. Landers*, No. 290454 (Mich. Ct. App. March 18, 2009) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order.  *People v. Landers*, 485 Mich. 864, 771 N.W.2d 760 (Sept. 11, 2009).

Petitioner dated his initial petition on May 24, 2010 and dated a supplemental petition and supporting brief on August 3, 2010.  Respondent filed an answer to the petition on December 8, 2010.  Petitioner has since filed a reply to that answer, as well as a motion to hold this case in abeyance so that he may return to the state courts to satisfy the exhaustion requirement.

## III.    Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155,

2

160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, the record reflects that Petitioner raised his involuntary claim (asserting that he was pressured by the prosecutor and his father into taking the plea and that he attempted to withdraw his plea prior to sentencing) in the state courts on direct appeal, but he has not presented his other habeas claims to the state courts for consideration. Petitioner has thus failed to exhaust all of his habeas claims in the Michigan courts before proceeding in this Court on federal habeas review.

Petitioner has an available avenue for relief in the state court system such that his pursuit of state court remedies would not be futile. For example, he may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq.* raising the unexhausted claims and pursue those claims in the state appellate courts as necessary. The unexhausted claims concerns matters of federal law which may warrant further review. Those claims should therefore be addressed to, and considered by, the state courts in the first instance. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

Petitioner asks the Court to hold his petition in abeyance so that he may return to the state courts to satisfy the exhaustion requirement. A federal district court has discretion to stay a mixed

habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner, however, has not shown the need for a stay. First, the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period did not begin to run until 90 days after the conclusion of his direct appeal, *see Jimenez v. Quarterman*, _ U.S. _, 129 S. Ct. 681, 685 (2009); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); S. Ct. R. 13(1), on or about December 10, 2009. Petitioner dated his initial petition on May 24, 2010. Thus, only five and one-half months of the one-year period had run when Petitioner instituted this action. While the time in which a habeas case is pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by this Court. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). Petitioner thus has sufficient time, more than six months, in which to seek state collateral review, exhaust his issues in the state courts (thereby tolling the one-year period), and return to federal court on a perfected petition.

Additionally, while there is no indication that Petitioner has engaged in "intentionally

4

dilatory tactics," he has neither alleged nor established good cause for failing to fully exhaust all of his claims in the state courts before seeking habeas relief in federal court. Lastly, Petitioner's unexhausted claims concern matters of federal law which do not appear to be "plainly meritless." Under such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate.

**IV.    Conclusion**

For the reasons stated, the Court concludes that Petitioner has filed a "mixed" petition, that he must exhaust all of his claims in the state courts before proceeding on federal habeas review, and that a stay is unnecessary. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus and **DENIES** the motion for abeyance. Should Petitioner wish to forego his unexhausted claims and to instead proceed only on his fully exhausted claim, he may move to re-open this case on an amended petition within **30 DAYS** of the filing date of this order. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate

of appealability.  The Court further **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous.  *See* Fed. R. App. P. 24(a).

       **IT IS SO ORDERED**.

Dated:  March 14, 2011

                                          S/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 14, 2011, by electronic and/or ordinary mail and also to Dremel Landers at St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880.

S/Josephine Chaffee
Deputy Clerk

---

6